IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of | ) | Case No. 20-40420-BSK |
| | ) | |
| PEDRO PAULO GARCIA WILSON, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | |
| _____ | ) | _____ |
| | ) | |
| JAMES A. OVERCASH, Chapter 7 Trustee, | ) | Adv. No. 20-04018-BSK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HIDALGO MOTORS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motions for Summary Judgment**

This matter is before the court on cross-motions for summary judgment filed by plaintiff James Overcash, Chapter 7 trustee, and defendant Hidalgo Motor, LLC (Doc. #12; Doc. #19). James A. Overcash represents himself as the trustee, and Justin A. Roberts represents the defendant.

The trustee seeks to avoid, as preferential, a lien against a motor vehicle perfected more than 30 days after the vehicle was delivered and within 90 days before debtor filed for Chapter 7 bankruptcy protection. Defendant asserts the lien cannot be avoided because it will not receive more than it would if the transfer had not been made and defendant was paid in a hypothetical Chapter 7 liquidation.

For the reasons stated herein, the trustee's motion for summary judgment is granted, and defendant's motion is denied.

*Findings of Fact*

The trustee and defendant stipulated to the following facts in their joint preliminary pretrial statement (Doc. #10):

1. On November 23, 2019, the debtor and cosigner Kati Villafranca Cordonero ("Cordonero") entered a Motor Vehicle Retail Installment Contract with defendant for the purchase of a 2013 Jeep Patriot.

2. On January 9, 2020, defendant perfected its security interests in the vehicle by noting a lien on its certificate of title.

3. On March 23, 2020, debtor filed for relief under Chapter 7 of the Bankruptcy Code. Cordonero has not filed bankruptcy. Debtor was insolvent during the 90 days before he filed his bankruptcy petition.

The following additional facts are contained in the affidavit of defendant's owner (Doc. #15):

4. Cordonero and debtor are both listed on the vehicle title as owner.

5. The purchase price of the motor vehicle was $9,100, payable in bi-monthly installments of $200.

6. Although defendant stipulated Cordonero was a "co-signor," it considers Cordonero to be the primary obligor on the account and debtor to be the co-signer. Cordonero signed the Installment Contract and the Nebraska Purchase Contract as "Buyer" and debtor as "Co-Buyer". Cordonero is listed as "Buyer" on a Pre-Repo Agreement, but did not sign it, while debtor signed as "Co-Buyer."

7. Cordonero made every $200 installment payment for the motor vehicle by personally delivering a check or cash to defendant.

8. Cordonero is presently in possession of the motor vehicle. Defendant's owner and manager saw Cordonero in the vehicle, presumably when Cordonero made payments.

9. Defendant asserts in a filing titled Statement of Material Facts that Cordonero "uses the vehicle on a daily basis and [it] is her only vehicle for transportation to and from her employment." (Doc. #16, ¶ 2.A.). Defendant asserts this fact is supported by the affidavit, but these specifics are not contained therein.

The trustee offers debtor's bankruptcy schedules, which indicate:

10. Debtor filed bankruptcy schedules on March 23, 2020. Debtor scheduled less than $1,000 in assets, total debt of $30,827, and unsecured debt of $17,052 (Doc. #1). The claims register in this case indicates $7,272.91 of unsecured claims have been filed to date.

### *Evidentiary Objections*

The trustee objects to the relevance of the factual statements summarized in paragraphs 7, 8, and 9 above and contends the affidavit statements are based upon hearsay. The objections to the facts summarized in paragraphs 7 and 8 are overruled. The objections to the facts summarized in paragraph 9 are moot because such facts were not offered into evidence. However, even accepting these facts as true, it would not change the ruling of the court.

### *Burden of Proof*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Once the movant meets its burden, the non-movant must respond with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). When considering a motion for summary judgment, the

court views the facts "in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citing *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.*; *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008).

The trustee has the burden to prove the elements of an avoidable preference under 11 U.S.C. § 547(b) by a preponderance of the evidence. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (B.A.P. 8th Cir. 2000). The creditor or transferee has the burden of proving any affirmative defenses contained in § 547(c). *Id.*

### *Conclusions of Law*

The trustee may avoid any transfer of an interest of the debtor in property to or for the benefit of a creditor, on account of an antecedent debt, made within 90 days before the debtor filed the bankruptcy petition, while the debtor was insolvent, if the transfer enables the creditor to receive more than it would receive had the transfer not been made and the creditor asserted a claim in a Chapter 7 case. *See* 11 U.S.C. § 547(b). The filing of the lien constitutes perfection and brings it within the scope of § 547. *See Lange v. Inova Capital Funding, LLC (In re Qualia Clinical Serv., Inc.)*, 441 B.R. 325, 329 (B.A.P. 8th Cir.), *aff'd*, 652 F.3d 933 (8th Cir. 2011). There is no dispute that debtor and Cordonero purchased the motor vehicle on November 23, 2019. Defendant noted its lien upon the vehicle title on January 8, 2020. This perfection was on account of an antecedent debt and within 90 days before the filing of debtor's bankruptcy petition, and while debtor was insolvent.

The only contested element is 11 U.S.C. § 547(b)(5). Defendant disputes that the transfer enabled it to receive more than it would have in a Chapter 7 liquidation. To evaluate this element, the court must conduct a hypothetical liquidation as of the petition date. *See Falcon Creditor Trust v. First Ins. Funding (In re Falcon Prod., Inc.)*, 381 B.R. 543, 547 (B.A.P. 8th Cir. 2008). In doing so, "it is not necessary to quantify the amount of preferential effect under § 547(b)(5) with actuarial certainty. It is sufficient under § 547(b)(5) for the court to determine the effect of the transfer was to pay more to the [creditor] than it would have received in a Chapter 7 case." *Official Creditors Comm. ex rel. Craig v. Minden Exch. Bank & Trust Co. (In re Craig)*, 92 B.R. 394, 398 (Bankr. D. Neb. 1988). Defendant presently has a fully secured claim. Debtor's bankruptcy schedules indicate assets totaling $1,000, and liabilities of $31,000, including unsecured debt of $17,000. To date $7,276.91 of unsecured claims have been filed. If the transfer is avoided, defendant will have a partially unsecured claim and will be paid pro-rata along with the unsecured creditor class, in an amount less than its fully secured claim. Therefore, the trustee established all elements of a preference under § 547.

Defendant asserts § 547(b)(5) is not met because it has legal remedies against Cordonero and may recover the full amount of its claim from Cordonero even if the lien is avoided. However, the court cannot consider this potential recovery from third parties. It can only consider a hypothetical recovery from debtor's bankruptcy estate:

> Section 547(b) … is concerned solely with the impact the transfer has on the bankruptcy estate as of the petition date. A consideration of what a debtor may have received in exchange for the transfer—contemporaneously *or*

- 3 -

> *subsequently*—comes into play only when the appropriate preference defense is raised.

*Falcon Prod.*, 381 B.R. at 549 (footnotes omitted, emphasis added); *see also Smith v. Creative Fin. Mgmt., Inc. (In re Virginia-Carolina Fin. Corp.)*, 954 F.2d 193, 199 (4th Cir. 1992) (holding the focus is "not on whether a creditor may have recovered all of the monies owed by the debtor *from any source whatsoever*, but instead upon whether the creditor would have received less than a 100% payout in a Chapter 7 liquidation"); *Lowe v. Palmetco, Inc. (In re N.A. Flash Found. Inc.)*, 298 F. App'x 355, 359 (5th Cir. 2008) (holding the focus is on "whether the creditor would have recovered 100% of the debt from the debtor's estate"); *Buchwald Capital Advisors LLC v. Metl-Span I., Ltd. (In re Pameco Corp.)*, 356 B.R. 327, 337 (Bankr. S.D.N.Y. 2006) (citing *Palmer Clay Products v. Brown*, 297 U.S. 227, 229 (1936)); *R.M. Taylor, Inc. v. H.M. White, Inc. (In re R.M. Taylor, Inc.)*, 257 B.R. 289, 293 (Bankr. W.D. Mo. 2000) ("[S]ection 547(b)(5) requires the Court to ask not what [the creditor] would have received from any source had the payments not been made but, instead, whether [debtor's estate] would have had more assets available to it in a Chapter 7 case if it had not made the payments.") (citing *Swarts v. Fourth Nat'l Bank of St. Louis*, 117 F. 1, 3 (8th Cir. 1902)).

Defendant also asserts the lien cannot be avoided because debtor "does not have an asset he can legally transfer to a third party without [Cordonero's] consent". While defendant admits the vehicle is property of debtor's bankruptcy estate, it contends the "existence and extent of property is defined by state law." *See N.S. Garrott & Sons v. Union Planters Nat'l Bank (In re N.S. Garrott & Sons)*, 772 F.2d 462, 466 (8th Cir. 1985). Defendant relies upon Nebraska's Motor Vehicle Certificate of Title Act, particularly Neb. Rev. Stat. § 60-140, which generally provides that a person cannot acquire rights to a motor vehicle unless the certificate of title shows title in the purchaser.

Defendant's argument fails. The act does not limit one owner from transferring his or her interest without the consent of the other owner. The purpose of the act is to provide "a means of identifying motor vehicles, to ascertain the owners thereof, to prevent theft of motor vehicles, and to prevent fraud. *Turpin v. Standard Reliance Ins. Co.*, 99 N.W.2d 26, 34 (Neb. 1959). In addition, the Nebraska Supreme Court has held,

> We note that the Motor Vehicle Certificate of Title Act is the exclusive method of transferring title to a vehicle, but it is not conclusive of ownership. Between the buyer and seller of a motor vehicle, the certificate of title is only prima facie evidence of ownership. If the seller wrongly refuses to deliver a valid certificate, Neb. U.C.C. § 2–401 . . . dictates when title passes.

*McCoolidge v. Oyvetsky*, 874 N.W.2d 892, 900 (Neb. 2016) (footnotes omitted). Finally, as the trustee notes, he is authorized to sell the vehicle, even if it is partially owned by a non-debtor. *See* 11 U.S.C. § 363(h).

Defendant also asserts it would be inequitable to avoid the lien because Cordonero has an interest in the vehicle and has made the monthly payments. If the lien is avoided, Cordonero will lose the vehicle, and defendant will continue to collect the vehicle debt from Cordonero. The court declines to accept this equitable defense. The equitable powers of the bankruptcy court are not unlimited and equitable defenses to preference actions are not generally recognized. *See, e.g., Law v. Siegel*, 571 U.S. 415, 421 (2014) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the

Bankruptcy Code."); *see also Swanson v. Trasino Park-Hudsons, LLC (In re Vission, Inc.)*, 400 B.R. 215, 220 (Bankr. E.D. Wis. 2008) (holding "equitable" or "fairness" defenses to preference actions are generally not recognized). The statutory exceptions to preference actions are set forth in 11 U.S.C. § 547(c) and (h). The equitable defense asserted does not touch upon them and is not within the confines of the Bankruptcy Code.

Cordonero may raise any detriment, to the extent it exists, in response to a motion to sell. *See* 11 U.S.C. § 363(h)(3). In this case, potential detriment to a third-party co-signor is not properly raised by defendant and should not be considered as a defense.

### *Conclusion*

Debtor and Cordonero jointly own the motor vehicle because they are both listed on the certificate of title as an owner. *See* Neb. Rev. Stat. § 60-140. The purchase and sale documents further support each owns an undivided one-half interest. Debtor granted defendant a security interest on his undivided half interest and Cordonero did the same. The perfection of the security interest as to debtor's half interest is avoidable pursuant to 11 U.S.C. § 547. The perfection is not avoidable as to Cordonero's one-half interest.

IT IS THEREFORE ORDERED:

1. Defendant's motion for summary judgment (Doc. #12) is denied;

2. The trustee's motion for summary judgment (Doc. #19) is granted;

3. Defendant's lien against debtor's half interest in the 2013 Jeep Patriot is avoided as preferential per 11 U.S.C. § 547, for the benefit of debtor's bankruptcy estate per § 550.

Dated: January 29, 2021

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
United States Bankruptcy Judge

Copies provided by the court to:
James Overcash
Justin Roberts